Gopen agt. Crawford.

# SUPREME COURT.

JONATHAN K. GOPEN agt. HENRY CRAWFORD.

*Moneys had and received — Tort — Attorney at law — Counter-claim.*

Where a party brings an action for money had and received, for the purposes of the action, he waives a tortious receiving or withholding the money.

The character of the action is determined by the complaint, and not by the form of the summons.

An allegation that the defendant "received the money as an attorney at law," does not necessarily make his refusal to pay over wrongful. He may still have a valid ground for holding on to the money. To have that effect, it must be alleged that he wrongfully withholds the money.

To an action brought against an attorney at law for moneys received by him as such, he may set up by way of counter-claim a demand in his favor against the plaintiff for services rendered.

*Special Term, January*, 1875.

DEMURRER to answer.

VAN VORST, *J.* — The complaint in this action is not founded upon a tort, but is rather for the recovery of money had and received by the defendant to the plaintiff's use, and which, as is alleged, he has refused to pay over.

If the plaintiff had a cause of action "*ex delicto*," he has waived it for the purposes of this action, and, if he succeeds, it must be for the cause of action set up in the complaint. The receipt of the moneys by the defendant was lawful, and his failure to pay it over, on demand, renders him liable to the plaintiff for moneys had and received. There is no allegation of wrong or misfeasance, so as to characterize the defendant's act as tortious.

It does not change the character of the complaint in this regard, that the summons is under the second subdivision of section 129 of the Code, and contains a notice for relief.

When the action comes to be tried, it must be on the allegations of the complaint, by which the plaintiff must stand.   Nor does the allegation that defendant is an attorney at law, and that he received the money as plaintiff's attorney, necessarily make his refusal to pay over tortious.   The complaint, to have that effect, should contain allegations charging the defendant's acts as wrongful.

His refusal to pay over the moneys may be lawful.   He may have a lien thereon, or a claim against the plaintiff in excess of the moneys in his hands.   The action, then, being on contract, the counter-claim, setting up a cause of action arising on contract, existing at the commencement of the action, is proper to be pleaded by way of answer (*Code*, 150).

The defendant's answer and counter-claim show that the cause of action in his favor existed at the time of the commencement of this action.   If for any cause it is indefinite or uncertain, the remedy is not by demurrer, but by motion.

Having set up his retainer by the plaintiff, the amount he will be entitled to recover will depend upon the facts proved. That he now claims, what in the trial he may prove, a wrong basis of compensation is no ground of demurrer in itself.   If he was retained he will be entitled to recover some amount, whether it be taxable costs, or the value of his services, or some amount agreed upon, unless he has been already paid.

There should be judgment for the defendant on the demurrer, with liberty to the plaintiff to reply, on payment of costs.